NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMULO VENTURA-ALCANTARA, | No.    17-71464 |
| Petitioner, | Agency No. A072-996-145 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2019**
Seattle, Washington

Before: WATFORD and MILLER, Circuit Judges, and ROTHSTEIN,*** District
Judge.

Romulo Ventura-Alcantara, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

from an order of deportation. We have jurisdiction under 8 U.S.C. § 1252(b)(6), and we deny the petition.

Deportation proceedings against Ventura-Alcantara began in January 1996. When Ventura-Alcantara failed to appear at a hearing in April 1996, he was ordered deported to Guatemala. Nearly 20 years later, he filed a motion to reopen, alleging that he was a citizen of Mexico, that conditions had changed there since the entry of his initial deportation order, and that he was eligible for asylum. The Board determined that the motion was untimely and remanded the case to the Immigration Judge for the limited purpose of determining Ventura-Alcantara's citizenship. On remand, Ventura-Alcantara submitted an amended asylum application. The Immigration Judge ordered Ventura-Alcantara removed to Mexico and declined to consider the amended application. The Board dismissed Ventura-Alcantara's appeal from that order, concluding that his motion to reopen was untimely because he "did not present a viable claim for asylum, as he did not articulate either the source or the basis of his fear, nor did he present evidence of changed conditions since his hearing as required to excuse his late filing."

We review the Board's denial of a motion to reopen for abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). The Board did not abuse its discretion when it determined that Ventura-Alcantara's amended asylum application remained untimely. Ventura-Alcantara filed the motion to reopen well

2

after the expiration of the 90-day statutory limit. 8 U.S.C. § 1229a(c)(7)(C)(i). He asked the Board to excuse his delayed filing based on changed country conditions. *Id.* § 1229a(c)(7)(C)(ii). The "'critical question'" for that exception is "'whether circumstances have changed sufficiently' in the country since the prior hearing so that the petitioner now has a legitimate claim for asylum." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (citation omitted).

Here, Ventura-Alcantara does not have a legitimate claim for asylum. Ventura-Alcantara stated that he fears returning to Mexico "because of the violence and danger that small business owners such as myself would experience" and "because of the rampant crime throughout the country." Even accepting that as true—and assuming a change of conditions since the initial deportation order—his generalized fear of crime "bears no nexus to a protected ground" and is not a basis for asylum. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam). To the extent Ventura-Alcantara claims that he fears becoming a victim of violence because of his membership in a particular social group, the Board's rejection of that claim was supported by substantial evidence.

While Ventura-Alcantara briefly mentions claims for withholding of removal and relief under the Convention Against Torture in his opening brief, he does not develop any independent argument in support of those claims, and he has

3

thereby forfeited them. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *see also* Fed. R. App. P. 28(a)(8)(A).

Ventura-Alcantara also asserts that the Board violated his due process rights by failing to review facts in the record when it remanded the case to the Immigration Judge, who in turn failed to set an individual hearing on his asylum application. Those arguments are derivative of his flawed merits arguments. Even if the agency's procedures were somehow deficient, Ventura-Alcantara has not shown how additional process would have made any difference to the outcome. *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

**PETITION DENIED.**